11/16/2020 11:58 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48120736
By: Joshua Hall
Filed: 11/13/2020 3:04 PM

CAUSE NO. _____

| | | |
|---|---|---|
| ROSE SOILEAU | § | IN THE DISTRCT COURT OF |
| | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| | § | |
| DILLARD TEXAS FOUR-POINT, LLC | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND
## REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ROSE SOILEAU, Plaintiff, herein, and complains of DILLARD

TEXAS FOUR-POINT, L.L.C. (referred to hereinafter as "Dillard"), Defendant herein, and

for cause would respectfully show unto this Court as follows:

### I.
### Discovery Control Plan

1.     Discovery is intended to be conducted under Level 2 of Rule 190 of the Texas

Rules of Civil Procedure.

### II.
### The Parties

2.     Plaintiff, ROSE SOILEAU, is a natural person who was a business invitee

at Defendant Dillard's store in Harris County, Texas.

3.     Defendant, DILLARD TEXAS FOUR-POINT, LLC is a domestic limited

liability company formed in Texas and doing business in the State of Texas and may be

served with process by serving its registered agent: CT Corporation System, 1999 Bryan

Street, Suite 900, Dallas, Texas 75201.

-1-

EXHIBIT A

### III.
### Request Pursuant to Rule 28 for Substitution of True Name

4.      To the extent that Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against Defendant pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and ROSE SOILEAU hereby demands upon answer to this suit, that Defendant answer in its correct legal and assumed names.

### IV.
### Jurisdiction and Venue

5.      This Court has jurisdiction over the parties and subject matter of this cause, and has jurisdiction to grant all relief requested by Plaintiff.

6.      The amount in controversy is within the jurisdictional limits of this Court.

7.      Venue of this action is proper in Harris County, Texas under Section 15.002(a)(1) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE. Specifically, this suit is proper in Harris County because all or a substantial part of the events or omissions giving rise to the claims occurred in Harris County.

### V.
### Nature of the Case

8.      On or about July 31, 2019, ROSE SOILEAU, 83 at the time of the event, was shopping at the DILLARD's department store located in Houston, Texas. As Plaintiff did so, Defendant DILLARD placed and/or permitted shoes to exist in the walking area. Plaintiff, who was shopping and was unable to see the shoes, tripped and fell ("the Fall"), which resulted in serious injuries and damages to Plaintiff's leg, head, fingers and other parts of her body.

## VII.
## Causes of Action

### A.   *Dillard's Premises Liability*

9.     Plaintiff incorporates by reference the statements made in the above paragraphs as if fully set out herein.

10.     There can be no question that Plaintiff is an innocent victim in this case. At the time of the Fall, Plaintiff was a Dillard customer at the Dillard store. Consequently, Dillard, by and through its employee/agents, owed Plaintiff the duty to inspect the premises and maintain them in a reasonably safe manner.

11.     Dillard was the owner and/or operator of the area where Plaintiff fell at the time of the Fall and, therefore, either owned, occupied, or controlled the premises where the Fall and subsequent injury occurred. Such negligence was the proximate cause of Plaintiff's damages.

12.     The shoes and aisle on Dillard's premises posed an unreasonable risk of harm because individuals of various ages and physical conditions (young, elderly, vision-impaired, disabled, unsteady, etc.) attempting to shop at the store are focused on many things, including the merchandise on the shelves, other customers, etc. such that they may trip or stumble through no fault of their own and become severely injured.

13.     Dillard, by and through its employee/agents, knew or should have known of the dangerous condition of the premises for numerous reasons including, but not limited to:

      a.     Customers notified Dillard of the dangerous condition;

b. Dillard agents, servants, or employees actually witnessed accidents caused by the dangerous condition at the subject store or other Dillard stores of similar design and construction around the country;

c. Dillard agents, servants, or employees actually caused the dangerous condition at the subject store or other Dillard stores of similar design and construction around the country;

d. Dillard agents, servants, or employees should have been aware of or were aware of the dangerous condition and failed to warn of or remedy the hazard;

e. Dillard agents, servants, or employees actually took precautionary measures regarding the dangerous condition at the subject store or other Dillard stores of similar design and construction around the country;

f. Dillard agents, servants, or employees actually took precautionary measures regarding the dangerous condition at the subject store or other Dillard stores of similar design and construction around the country and negligently failed to remove, repair, or otherwise warn of the dangerous condition; and

g. The dangerous condition existed long enough at the subject store or other Dillard stores of similar design and construction around the country that Dillard did or should have discovered it upon reasonable inspection.

14. Dillard breached its duty of care by both failing to make the dangerous condition reasonably safe and/or failing to adequately warn Plaintiff of the dangerous condition. Each of these acts or omissions, taken alone or collectively, amount to premises liability by Dillard and Plaintiff sustained damages as a proximate result of Dillard's conduct. Accordingly, Dillard is liable to Plaintiff as a result of its premises liability.

**B.**   *Dillard's Negligence*

15.      Plaintiff incorporates by reference the statements made in the above paragraphs as if fully set out herein.

16.      At the time of the Fall, Plaintiff was a Dillard customer and, as such, Dillard had a duty to use ordinary care in maintaining the premises in a safe condition by inspecting, or ensuring the inspection of, the property for any dangerous conditions and by making safe any latent defect or providing an adequate warning of any such defect.

17.      Dillard, by and through its employee/agents, breached its duty of care by failing to reasonably inspect, or ensure the reasonable inspection of, the property for any dangerous conditions and by failing to make the dangerous condition reasonably safe and/or failing to adequately warn Plaintiff of the dangerous condition at the store. Each of these acts or omissions, taken alone or collectively, amount to negligence by Dillard and Plaintiff sustained damages as a proximate result of Dillard's conduct. Accordingly, Dillard is liable to Plaintiff as a result of its negligence.

**C.**   *Dillard's Malicious & Grossly Negligent Conduct*

18.      Plaintiff incorporates by reference the statements made in the above paragraphs as if fully set out herein.

19.      Dillard acted with malice, as that term is defined by Civil Practice & Remedies Code §41.001(7). Specifically, Dillard, by and through its employee/agents, failed to reasonably inspect, or ensure that others reasonably inspected, the premises of the Dillard department store at issue to determine if the premises were safe and acted with total disregard for the circumstances existing at the time. In the alternative, Dillard,

by and through its employees/agents, failed to make the dangerous condition on its premises reasonably safe and/or failed to adequately warn its invitees of same and acted with total disregard for the circumstances existing at the time.

20.     When viewed from the perspective of Dillard at the time of the acts or omissions, the acts or omissions of Dillard involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Moreover, Dillard had actual subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Consequently, Dillard is liable to Plaintiff for exemplary damages.

## VIII.
### Damages

*A.*     *General Damages of Plaintiff*

21.     At the time of the accident made the basis of this suit, Plaintiff was 83 years of age.

22.     As a direct and proximate result of Defendant's negligence, Plaintiff, has sustained mental and physical pain and suffering, mental anguish, physical impairment, physical disfigurement and medical expenses in the past and future, all of which are in reasonable probability permanent.

23.     From the date of the accident in question until the time of trial of this case, the elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff, for each element are as follows:

a.   The physical pain that Plaintiff has suffered from the date of the accident in question up to the time of trial.

b.   The mental anguish that Plaintiff has suffered from the date of the accident in question up to the time of trial.

c.   The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that he ordinarily would have been able to perform.

d.   The damages resulting from the physical disfigurement suffered by Plaintiff.

24.   From the time of trial of this case, the elements of damages to be considered which Plaintiff, will sustain in the future beyond the trial, are such of the following elements that are shown by a preponderance of the evidence upon trial of this case:

a.   The physical pain that Plaintiff will suffer in the future beyond the time of trial.

b.   The mental anguish that Plaintiff will suffer in the future beyond the time of trial.

c.   The damages resulting from the physical impairment that Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that he ordinarily would have been able to perform in the future beyond the time of trial.

d.   The damages resulting from the physical disfigurement suffered by Plaintiff in the future caused by the injuries sustained in the incident in question.

25.     Because of all of the above and foregoing, Plaintiff has been damaged and will be damaged in an amount within the jurisdictional limits of the Court and not to exceed $500,000.00.

**B.     *Medical Damages of Plaintiff***

26.     Further, as a direct and proximate result of Defendant's negligence, it was necessary for your Plaintiff to secure medical and hospital services, including drugs and other medication, and it is reasonably probable that she will require additional medical, hospital and drug services in the future beyond this date. Plaintiff here now sues for an additional sum within the jurisdictional limits of the Court for past and future medical, hospital and drug services not to exceed $500,000.00.

**C.     *Gross Negligence/Malice***

27.     The actions of the Defendant were so heedless and showed such a reckless disregard for the right of others affected by them, and particularly in this instance, as to constitute gross negligence and malice as defined by law. Such heedless and reckless disregard is more than momentary thoughtlessness, inadvertence or error in judgment. The acts and/or omissions of said Defendant as specifically complained of herein was the result of conscious indifference to the rights, welfare, and/or safety to your Plaintiffs. Accordingly, because of such gross negligence and malice, Plaintiff further sues for exemplary and punitive damages in an amount within the jurisdictional limits of the Court and not to exceed $250,000.00.

*D.      Prejudgment Interest*

28.      In addition to the above and foregoing allegations, Plaintiff further pleads that she is entitled to prejudgment interest at the highest rate allowed by law.

## IX.
## Conditions Precedent

29.      All conditions precedent have occurred, have been performed, have been waived or have otherwise been excused.

## X.
## Miscellaneous

30.      Plaintiff respectfully reserves the right to amend and plead further as necessary and as additional facts are uncovered.

## XI.
## Request for Disclosure

31.      Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a) through (l).

## XII.
## AUTHENTICATION

32.      Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby provides notice that Plaintiff intends to use all documents produced in discovery in pre-trial proceedings and at trial such that the documents are authenticated unless objected to in accordance with Tex. R. Civ. P. 193.7.

## XIII.
## Prayer

WHEREFORE PREMISES CONSIDERED, Plaintiff asks that Defendant be cited to appear and answer, and on final trial, that Defendant be held liable and judgment be rendered for Plaintiff as follows:

(a)     All actual, consequential, and special damages;

(b)     Pre-judgment interest as provided by law;

(c)     Punitive damages as provided by law;

(d)     Post-judgment interest;

(e)     Costs of Court; and,

(f)     Such other and further relief, both general and special, legal and equitable, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

MARTINEZ & MCGUIRE PLLC

Clint E. McGuire
State Bar No. 24013139
clint@mmtriallawyers.com
17227 Mercury Drive, Suite B
Houston, Texas 77058
Telephone:     (281) 286-9100
Facsimile:     (281) 286-9105

ATTORNEYS FOR PLAINTIFF